UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONDRE MOORE,

                Plaintiff,

v.

AMANDA SHOLAR,

                Defendant.

Case No. 23-CV-947-JPS

**ORDER**

Plaintiff Lamondre Moore, an inmate confined at Redgranite Correctional Institution ("RGCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Amanda Sholar, among others, violated his constitutional rights. ECF No. 1.[1] Defendant Sholar was served February 14, 2024, but, to date, has filed no responsive pleading or otherwise appeared. *See* ECF No. 28. On October 23, 2024, Magistrate Judge Stephen C. Dries ordered Plaintiff either to move for entry of default judgment as to Defendant Sholar or to face dismissal of his claim for the failure to prosecute. ECF No. 29. On November 1, 2024, Plaintiff filed a motion for default judgment. ECF No. 30. On December 9, 2024, the case was reassigned to this branch of the court. On December 18, 2024, the Court referred the case back to Judge Dries to conduct a hearing on the default issue. ECF No. 31. On January 24, 2025, the Clerk of Court entered default as to Defendant Sholar. The same day, Judge Dries held a damages hearing and issued a report and recommendation on the motion for default judgment. ECF Nos. 33, 34. On January 30, 2025, Plaintiff filed a motion for

---

[1]Two other defendants entered a stipulation of dismissal with prejudice on October 10, 2024. ECF No. 27.

a restraining order, ECF No. 35, and a motion for relief from damages, ECF No. 36. On March 10, 2025, Plaintiff filed a motion to appoint counsel, ECF No. 37, however on May 13, 2025, counsel filed a notice of appearance on behalf of Plaintiff, ECF No. 38. As such, the Court will therefore deny as moot Plaintiff's motion to appoint counsel. The remainder of this order addresses Judge Dries's report and recommendation and Plaintiff's objections.

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. ECF No. 34 at 4. The Court must review *de novo* any portion of the magistrate's recommendation to which the Plaintiff properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). However, the Court has considered Judge Dries's recommendation and will adopt it in full for the reasons stated below.

In response to Judge Dries's report and recommendation, Plaintiff filed a motion seeking relief for damages from default hearing. ECF No. 36. The Court liberally construes this filing as an objection to Judge Dries's report and recommendation. Plaintiff seeks $40,000 in compensation, to be transferred out of RGCI, and for Defendant Sholar to pay the U.S. Marshall's service fee. *Id.* Plaintiff indicates that, during the hearing, he could not remember the relief he sought or what evidence put into the record. *Id.* Plaintiff offers no explanation whatsoever as to why he seeks $40,000 in damages. *Id.* Instead, Plaintiff focuses on his request to transfer institutions for the following two reasons: (1) to be closer to Milwaukee to

receive treatment from his burn specialist doctor; and (2) because Defendant Sholar and her co-workers are harassing him in RGCI.

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citation omitted). A default judgment may not be entered without a hearing pertaining to damages unless "'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (*quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The court may conduct hearings or make referrals to "determine the amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2).

Here, Plaintiff's objection to the report and recommendation offers no factual or legal reason as to why the damages should be $40,000 as opposed to the recommended $11,000. To be sure, damages for pain and suffering can be notoriously "difficult to quantify." *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009). However, with no legal or factual explanation from Plaintiff regarding the damages claimed, the Court has no independent basis to disagree with Judge Dries's reasoned analysis. Judge Dries heard Plaintiff's live testimony regarding the damage he experienced. The report and recommendation considers the conditions Plaintiff experienced as a result of Defendant's conduct and the length of time that Plaintiff experienced the conditions. ECF 34 at 3. As such, the Court finds

that the recommended compensatory damages in the amount of $11,000 is "rationally connected" to Plaintiff's claims of pain and suffering and that this amount will "fairly compensate" him for those damages. *See Hendrickson*, 589 F.3d at 892–93.[2] Plaintiff's objection makes no mention of punitive damages. Judge Dries's finding that punitive damages are not warranted is well reasoned based on the specific facts of the case, and the Court therefore has no reason to disagree with this conclusion.

Second, Plaintiff's objection and motion regarding a restraining order is a non-starter. Plaintiff indicates that he is being harassed by prison staff as a result of filing lawsuits and seeks a transfer out of RGCI. To begin, Plaintiff sought only compensatory damages and made no mention of injunctive relief in his complaint. ECF No. 1. Further, Judge Dries's report and recommendation does not indicate that any request for injunctive relief was made during the hearing. *See* ECF No. 34. The law imposes a requirement that the party seeking an injunction demonstrate the inadequacy of legal relief. *See Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir.1992) ("The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal.... [W]hen, as in this case, the issue is whether to grant a permanent injunction ... the burden is to show that damages are inadequate...."). Plaintiff has not met that burden here. Finally, Plaintiff's request for injunctive relief in the form of a prison transfer fails to comply with "the rule requiring courts to tailor injunctive relief to the scope of the violation found." *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d

---

[2]Judge Dries noted that Plaintiff did not seek pre-judgment interest and explained that, even if he had, it likely would not have been appropriate in this case. ECF No. 34 at 4 n.1. The Court agrees.

807, 817 (7th Cir. 2005), *rev'd on other grounds,* 547 U.S. 9, 23 (2006). This case is about Defendant denying Plaintiff the ability to properly clean himself; Plaintiff's transfer to an entirely different prison is far broader than the relief needed to address this violation. Plaintiff's motion for a restraining order will accordingly be denied. Plaintiff may file a new case regarding these prison officials' alleged retaliation for filing lawsuits.

Finally, the Court addresses Plaintiff's request for the reimbursement of service fees. Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees, unless a statute or other rule states otherwise, or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). Plaintiff may file a bill of costs with the Clerk of Court pursuant to Federal Rule 54, 28 U.S.C. § 1920, and Civil Local Rule 54. *See Fid. & Deposit Co. of Maryland v. Cape Bros. Realty & Equip. Co.*, No. 07-C-003, 2010 WL 996404, at *4 (E.D. Wis. Mar. 15, 2010) (allowing plaintiff to file for costs following a default judgment).

In sum, the Court adopts Judge Dries's report and recommendation in full and will accordingly grant Plaintiff's motion for default judgment as to Defendant Sholar. The Clerk of Court will enter default judgment accordingly and this case will be dismissed.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's report and recommendation, ECF No. 34, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment as to Defendant Amanda Sholar, ECF No. 30, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that default judgment be entered in favor of Plaintiff against Defendant Amanda Sholar in the amount of $11,000.00;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a restraining order, ECF No. 35, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from damages from default hearing, ECF No. 36, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 37, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 6 of 6
Case 2:23-cv-00947-JPS    Filed 07/25/25    Page 6 of 6    Document 39